IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RAYME M. EDLER, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>ESCAMBIA COUNTY,<br><br>Defendant. | Civil Case No.<br>3:20-cv-5503-RV-HTC<br><br>**FILED *EX PARTE*<br>AND UNDER SEAL** |

## UNITED STATES OF AMERICA'S EX PARTE APPLICATION FOR EXTENSION OF SEAL ON QUI TAM ACTION AND EXTENSION OF THE UNITED STATES OF AMERICA'S EVALUATION PERIOD AND MEMORANDUM IN SUPPORT THEREOF

For the reasons set forth herein, the United States of America respectfully petitions this Court for an *ex parte* order extending the intervention period and seal in this *qui tam* action. Plaintiff-Relator Rayme M. Edler, M.D. ("Relator") filed this action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, on May 29, 2020, on behalf of the United States. The Attorney General of the United States was served on June 12, 2020. Accordingly, the current FCA seal and intervention deadline is August 11, 2020. Pursuant to 31 U.S.C. § 3730(b)(3), the United States requests an order extending the seal and intervention deadline for an additional six

months, to and including February 11, 2021. This is the first extension request made by the United States, and the extension is necessary in order to permit the United States to further investigate the allegations in the Complaint and determine whether to intervene. Counsel for Relator has been advised of, and concurs with, this application for an extension of the intervention period and seal.

## I. Overview of Relator's Allegations

Generally, Relator alleges that Defendant submitted false claims to Medicare and other government payors for medical services performed by unlicensed and unqualified personnel. Specifically, Relator alleges that Defendant knowingly submitted false claims for services performance by unlicensed and unqualified EMTs with false certifications. Relator contends that, as a result of this conduct, Defendant presented or caused to be presented false claims under 31 U.S.C. § 3729 (Count One) and made or used false statements or records material to a false claim under 31 U.S.C. § 3729 (Count Two).

## II. FCA Points and Authorities Concerning Extension of Current Intervention Period

The FCA authorizes *qui tam* suits, in which private parties may bring civil actions "in the name of the Government" for FCA violations. 31 U.S.C. § 3730(b)(1). The private party, or "relator," must serve the United States with a "copy of the complaint and written disclosure of substantially all material evidence and information . . . pursuant to Rule 4[(i)] of the Federal Rules

of Civil Procedure." 31 U.S.C. § 3730(b)(2). In turn, Federal Rule of Civil Procedure 4(i) requires that the relator serve the complaint and written disclosure on "the United States Attorney for the district where the action is brought" and "the Attorney General of the United States." The United States then has "at least 60 days" to decide whether to intervene. 31 U.S.C. § 3730(b)(2). During this investigative period, the complaint "shall be filed in camera, shall remain under seal . . . and shall not be served on the defendant until the court so orders." *Id.* Pursuant to 31 U.S.C. § 3730(b)(3), the government may, for good cause, move the court for extensions of the time during which the complaint is to remain under seal. The United States respectfully submits that good cause exists to extend the intervention period and seal in this matter for six months.[1]

The extension requested herein will permit the government to collect information needed to analyze the relevant facts and law. This may include gathering documents and data, interviewing witnesses, and otherwise pursuing investigative steps needed to gain an understanding of Relator's allegations and

---

[1] In March 2015, the Judicial Conference of the United States changed how *qui tam* cases are reported to the Administrative Office of the Courts under the Civil Justice Reform Act. Recognizing that *qui tam* cases often require lengthy periods of investigation, and often require coordination among federal criminal, civil, and agency authorities as well as state actors, the Judicial Conference has amended the reporting requirements to provide that *qui tam* cases under the False Claims Act will be deemed pending on the date such cases are unsealed by the court, rather than on the date they were filed by the relator. This change ensures that the time the government needs to pursue its sealed investigation and negotiations will not adversely impact the Court's docket.

3

Defendant's submission of claims. Such investigative activities will permit the government to make an informed decision as to whether the United States should intervene and take over the prosecution of this action. In addition, the United States requests that the Complaint, other pleadings, and motion papers be kept under seal to protect the confidentiality of the government's investigation.

In addition, the Department is committed to supporting public health officials in their response to the COVID-19 pandemic. At this time, the President is urging all Americans to work from home, avoid discretionary travel, and avoid large gatherings. *See* The President's Coronavirus Guidelines for America. Department attorneys and their law enforcement partners will continue to diligently pursue their investigation of the Relator's allegations in this case consistent with these guidelines, but we anticipate that these limitations – particularly the limitation on travel – will impede the Department's ability to find and interview witnesses and likely other aspects of the investigation. An extension of the intervention deadline is appropriate to allow the Department to complete its investigation while doing its part in the national response to COVID-19.

### III. Conclusion

For all of the above reasons, the United States respectfully requests that its application for an extension of the seal on this *qui tam* action, and for extension of

4

the United States' period of evaluation, be granted, and that the seal and intervention period be extended for six months, up to and including February 11, 2021.

August 3, 2020                          Respectfully submitted,

                                        LAWRENCE KEEFE
                                        United States Attorney


                                        */s/ Mary Ann Couch*
                                        KATHRYN DREY
                                        MARY ANN COUCH
                                        Assistant United States Attorneys
                                        Pensacola Division
                                        21 East Garden Street, Suite 400
                                        Pensacola, FL 32502
                                        Telephone: (850) 444-4000
                                        E-mail: karthryn.drey@usdoj.gov
                                                maryann.couch@usdoj.gov


                                        Counsel for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August 2020, a true and correct copy of the foregoing *Ex Parte* Application for Extension of Seal was sent by electronic mail to the following attorneys for Relator:

Jonathan Kroner
Jonathan Kroner Law Office
300 S. Biscayne Blvd., Suite 3710
Miami, Florida 33131
JK@floridafalseclaim.com

/s/ *Mary Ann Couch*
Mary Ann Couch