UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-5503-RV/HTC

UNITED STATES OF AMERICA
*ex rel.* RAYME M. EDLER, M.D.,

      Plaintiff,

v.

ESCAMBIA COUNTY,

      Defendant.
_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO RELATOR'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Defendant, Escambia County, (hereinafter referred to as "County" or "Defendant"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to the Complaint **[D.E. 1]** of Plaintiff/Relator, Rayme M. Edler, M.D. ("Plaintiff" or "Relator"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Defendant admits Plaintiff attempts to bring a claim as a Relator as alleged in Paragraph 1 on behalf of the United States and herself pursuant to the Federal False Claims Act, 31 U.S.C. §§ 3730 *et seq.* to which the United States declined to intervene. Defendant denies any violations or entitlement to any damages sought .

2.    Defendant denies the allegations in Paragraph 2 and hereby demands strict proof thereof.

## I. Jurisdiction, Venue, and Parties

3. Defendant admits the allegations of Paragraph 3 for jurisdiction purposes only. Defendant denies that any acts and omissions on behalf of Defendant somehow gave rise to the allegations in the Complaint. Therefore, Defendant denies the remaining allegations of Paragraph 3 and demands strict proof thereof.

4. The allegations of Paragraph 4 consist of legal conclusions and Relator's characterization of the law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.

5. Defendant admits the allegations of Paragraph 5 for jurisdiction purposes only. Defendant denies that any acts and omissions on behalf of Defendant somehow gave rise to the allegations in the Complaint. Therefore, Defendant denies the remaining allegations of Paragraph 5 and demands strict proof thereof.

6. Defendant denies the allegations in Paragraph 6 and hereby demands strict proof thereof.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8 to the extent that it accurately reflects her duties as Escambia County Medical Director and Director of Emergency Medical Services. However, Defendant denies the allegations in Paragraph 8 to the extent that Relator claims she is responsible for providing medical direction and oversight to the National Park Rangers who are EMTs and Paramedics in Fort Pickens, Fort McRee, Johnson Beach, and Opal Beach, and hereby demands strict proof thereof.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies same.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies same.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12 and hereby demands strict proof thereof.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant admits the allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15.

## II. The Law

### A. Medicare and Government Programs.

16. Defendant admits Relator attempts to assert false claims relating to services provided under the United States governments' Medicare, Medicaid, ChampVA, Tricare, and other healthcare programs, but Defendant denies such claims have merit and; therefore, demands strict proof thereof. Further, Defendant denies any inference that Relator has actually stated any causes of action through the allegations in her Complaint.

17. Paragraph 17 contains mere recitations of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 17 as phrased and hereby demands strict proof thereof.

18. Paragraph 18 contains mere recitations of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 18 as phrased and hereby demands strict proof thereof.

19. Defendant denies the allegations in Paragraph 19 and hereby demands strict proof thereof.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21 to the extent it alleges TRICARE and CHAMPVA are the same programs as they cover separate populations, and hereby demands strict proof thereof. As TRICARE and CHAMPVA are improperly lumped together as a single program, Defendant denies the remaining allegations in Paragraph 21, and hereby demands strict proof thereof. .

**B. The False Claims Act**

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies same.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies same.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies same.

25. Paragraph 25 contains mere recitations of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 25 as phrased and hereby demands strict proof thereof.

26. Paragraph 26 contains mere recitations of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 26 as phrased and hereby demands strict proof thereof.

### III. Defendant's Misconduct

**A. Defendant Filed Claims for Services Performed by Unqualified Personnel.**

27. Defendant denies the allegations in Paragraph 27 and hereby demands strict proof thereof.

28. Defendant denies the allegations in Paragraph 28 and hereby demands strict proof thereof.

29. Defendant admits the allegations in Paragraph 29 to the extent that Relator worked at Baptist Hospital, Pensacola prior to being hired at being hired by Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 to the extent that it alleges Relator had concerns about the County's emergency services and quality control allegedly following a failure in patient care that ended in the patient's death and, therefore, denies same. .

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 as Plaintiff has failed to identify any specific information about the alleged incident identified in this Paragraph such as when the call was made or who the paramedic was, and therefore, denies same. Additionally, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 to the extent that it alleges what Relator's medical opinion may or may not be and therefore, denies same.

31. Defendant admits Paragraph to the extent that Plaintiff Relator did report an incident to Karen Wood and emailed Dr. Neal. However, Defendant denies Paragraph 31 to the extent that Plaintiff alleges that the incident was not looked into and that instead a complaint was filed about Relator with the hospital and county medical director. .

32. Defendant denies the allegations in Paragraph 32 and hereby demands strict proof thereof.

33. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies same.

34. Defendant admits Paragraph 34 to the extent that a tube was inserted into Aubrey Nichols stomach instead of his lungs. However, Defendant denies the inadvertent placement of the tub was the result of improper training, and demands strict proof thereof.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies same.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies same.

37. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies same. .

38. Defendant denies the allegations in Paragraph 38 and hereby demands strict proof thereof.

39. Defendant denies the allegations in Paragraph 39 and hereby demands strict proof thereof.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 to the extent is it not aware of when Relator learned of "two more deaths" and, therefore, denies same. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 to the extent that Realtor claims she brought to the attention of County administration deficiencies with the EMS as she failed to identify who she alleged advised of same, therefore, Defendant demands strict proof thereof. Defendant denies the allegation in Paragraph 40 to the extent that it claims the deaths were the result of Escambia Count EMS training/certification deficiencies, and hereby demands strict proof thereof. Defendant admits the allegations in Paragraph 40 to the extent that it accurately quotes the Pensacola News Journal.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 as it is not aware of what video Realtor was shown or when she was shown such video, and hereby demands strict proof thereof.

42. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and demand strict proof thereof.

43. Defendant denies the allegations in Paragraph 43 and hereby demands strict proof thereof.

44. Defendant admits the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45 and hereby demands strict proof thereof.

46. Defendant admits the allegations in Paragraph 46 to the extent that Steve White sent an email to several individuals, including Relator, with the subject line Chain of Command and Employee Engagement. However, Defendant denies the allegations in Paragraph 46 as to the extent that Plaintiff has characterized the content of the June 6, 2018 email to claim that same limited her role or that she was hired for her license, not her medical kills and knowledge, and hereby demands strict proof thereof.

47. Defendant admits the allegations in Paragraph 47 to the extent that Relator has quoted an email from her account to Eric Kleinert dated June 18, 2018; However, Defendant denies Relator's characterization of the content of such email reflect any actual conduct of the County, and hereby demand strict proof thereof.

48. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 as it is not aware of information Realtor allegedly learned and how such information was learned, and hereby demands strict proof thereof.

49. Defendant admits the allegations in Paragraph 48 to the extent that Relator emailed Eric Kleinert regarding "concerns" about the training center and falsification of certifications.

50. Defendant denies the allegations in Paragraph 50 as Plaintiff has not identified which specific "emails" or "meetings" she claims "implicated" the individuals identified in Paragraph 50, and hereby demands strict proof thereof. Further, Defendant denies the allegations in Paragraph 50 to the extent that Plaintiff claims that the harassment changes filed against her were in response to any of her emails or meeting. Defendant admits Paragraph 50 to the extent that the individuals identified in Paragraph 50 were arrested and charged with crimes relating to falsifications.

51. Defendant admits the allegations in Paragraph 51.

52. Defendant admits the allegations in Paragraph 52 to the extent that Relator has quoted an email from her account to the identified individuals dated June 26, 2018; However, Defendant denies Relator's characterization of the content of such email reflect any actual conduct of the County, and hereby demand strict proof thereof.

53. Defendant admits the allegations in Paragraph 53.

54. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 as it is not aware of information Realtor allegedly learned and how such information was learned, and hereby demands strict proof thereof. Defendant admits the allegations in Paragraph 54 to the extent that it does quote an email from an account purporting to be James Robinson, Assistant Chief of the Denver Health Paramedic Division regarding medical marijuana.

55. Defendant admits the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56 as phrased because Relator has failed to identify which "emails" and "meeting" she is referring to, and hereby demands strict proof thereof.

57. Defendant denies the allegations in Paragraph 57 because Relator has failed to identify what she is referring to when she claimed she reported "these," and hereby demands strict proof thereof.

58. Defendant admits the allegations in Paragraph 58.

59. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and hereby demands strict proof thereof.

60. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 to the extent it is unaware of what Relator learned regarding Defendant's operations, and demands strict proof thereof.

61. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 to the extent it is unaware who actually drafted the confidential report to the Florida Department of Health, and demands strict proof thereof.

62. Defendant admits the allegations in Paragraph 62 to the extent that investigator Kimberly Moore did notify Defendant of her investigation, but denies that such notice indicated that the investigation was the result of any issues raised specifically by Relator as the notice generally stated that it was investigating a legally sufficient complaint.

63. Defendant denies the allegations in Paragraph 63 as phrased and hereby demands strict proof thereof.

64. Defendant denies the allegations in Paragraph 64 as phrased and hereby demands strict proof thereof.

65. Defendant admits the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66 and hereby demands strict proof thereof.

67. Defendant admits the allegations in Paragraph 67 to the extent that Realtor was counseled on June 7, 2019; however, Defendant denies the allegations to the extent that such counseling had any relation to her "identification of criminal or civil violation" as alleged, and hereby demands strict proof thereof.

68. Defendant admits the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69 and hereby demands strict proof thereof.

70. Defendant denies the allegations in Paragraph 70 to the extent it claims harassment was encouraged at the highest level and continued against Relator and hereby demands strict proof thereof. Defendant is without knowledge as to Paragraph 70 to the extent Realtor claims she contacted Sgt. Champion regarding County Commissioners writings on his blog and therefore denies same and demands strict proof thereof.

71. Defendant admits the allegations in Paragraph 71.

72. Defendant admits the allegations in Paragraph 72 to the extent that arrests and charges against former Department of Public Safety Officers were made and that the charges identified are correct. However, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 to the extent that the arrests were the result of her complaints, and hereby demands strict proof thereof.

73. The article quoted by Relator speaks for itself; therefore, no response is required to Paragraph 73. To the extent a response it required, Defendant admits the article is accurately quotes in Paragraph 73.

**B. Defendant Acted "Knowingly" when it Certified Compliance.**

74. Paragraph 74 contains mere recitations of law to which no response is required. To the extent a response is required, Defendant denies Paragraph 74 as phrased and hereby demands strict proof thereof.

75. Defendant denies the allegations in Paragraph 75 and hereby demands strict proof thereof.

### C. Defendant Files Claims

76. Defendant denies the allegations in Paragraph 76 and hereby demands strict proof thereof.

77. Defendant denies the allegations in Paragraph 77 and hereby demands strict proof thereof.

78. Defendant admits the allegations in Paragraph 78 to the extent that it alleges not all of Defendant's claims are false. However, Defendant denies the allegations in Paragraph 78 to the extent that it implies any claims of Defendant were false and to the extent it alleges the Defendant or the United States has documents supporting same, and hereby demands strict proof thereof.

### D. Escambia County Retaliated against Dr. Edler.

79. Defendant admits Paragraph 79 to the extent that Relator did complain about allegedly illegal practices. However, Defendant denies the allegations in Paragraph 79 to the extent that any such illegal practices occurs, and to the extent that Realtor has experienced any retaliation, intimidation, or harassment as a result of same, and hereby demands strict proof thereof.

80. Defendant denies the allegations in Paragraph 80 and hereby demands strict proof thereof.

81. The allegations of Paragraph 81 consist of legal conclusions and Relator's characterization of the law, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 81 and demands strict proof thereof.

82. Defendant denies the allegations in Paragraph 82 and hereby demands strict proof thereof.

### IV. COUNT I: False or Fraudulent Claims

**A. Submission of False Claims, 31 U.S.C. § 3729(a)(1)(A).**

Defendant hereby reaffirms and realleges each and every paragraph of this Complaint as fully set forth herein.

83. Defendant denies the allegations in Paragraph 83 and hereby demands strict proof thereof.

84. Defendant denies the allegations in Paragraph 84 and hereby demands strict proof thereof.

**B. Use of False Records or Statements, 31 U.S.C. § 3729(a)(1)(B).**

Defendant hereby reaffirms and realleges each and every paragraph of this Complaint as fully set forth herein.

85. Defendant denies the allegations in Paragraph 85 and hereby demands strict proof thereof.

86. Defendant denies the allegations in Paragraph 86 and hereby demands strict proof thereof.

**C. Unlawful Retaliation Against Dr. Edler, 31 U.S.C. § 3730(h).**

Defendant hereby reaffirms and realleges each and every paragraph of this Complaint as fully set forth herein.

87. Defendant denies the allegations in Paragraph 87 and hereby demands strict proof thereof.

88. Defendant denies the allegations in Paragraph 88 and hereby demands strict proof thereof.

89. Defendant denies the allegations in Paragraph 89 and hereby demands strict proof thereof.

90. Defendant denies the allegations in Paragraph 90 and hereby demands strict proof thereof.

## V. Prayer for Relief

Defendant denies each and every allegation not expressly admitted herein. To the extent the Court deems a response is required to the "WHEREFORE" paragraph of the Relator's Complaint, Defendant denies each and every such allegation contained therein including all subparts A-E. Defendant further denies that Relator is entitled to any of the relief requested in his "WHEREFORE" paragraph.

## AFFIRMATIVE DEFENSES

Further answering the Complaint and by way of affirmative defenses, Defendant would further prove and show the Court as follows:

### First Affirmative Defense

As its First Affirmative Defense, Defendant states Relator has failed to state a cause of action upon which relief may be granted based on the fact that she was not the original source of the information being disclosed; therefore, her claims under the False Claims Act ("FCA") are barred. Relator was not the original source of the information as she admitted in Paragraph 4 that there has

been a "public disclosure" of the "allegations or transactions" in the Complaint. Accordingly, her suit should be barred.

### Second Affirmative Defense

As its Second Affirmative Defense, Defendant asserts that Relator's failed to establish a cause of action under the FCA because Escambia County did not knowingly present false or fraudulent claims for payment or approval to the United States, acting through Medicare and Medicaid and did not did not knowingly make or use false records or statements to get false or fraudulent claims paid and approved by the U.S. for reimbursement.

### Third Affirmative Defense

As its Third Affirmative Defense, Defendant states it did not have actual or constructive knowledge of the alleged false or fraudulent claims and did not act with actual knowledge, deliberate ignorance, or reckless disregard.

### Fourth Affirmative Defense

As its Third Affirmative Defense, assuming arguendo Relator has established a claim under the FCA, Defendant is not liable under the FCA because the alleged false or fraudulent claims were mere innocent mistakes, mere negligent misrepresentations, or simple negligence under Federal law.

### Fifth Affirmative Defense

As its Third Affirmative Defense, Defendant asserts that Relator's claims are barred by the statute of limitations. The claims asserted are beyond the statute of limitations as Relator has asserted in her Complaint that the "false claims began before 2014 and continued through the present." Accordingly, Relator's claims are barred as a matter of law.

### Sixth Affirmative Defense

Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and Section 768.81, Florida Statutes, Defendant reserves the right to place a non-party on the verdict form at trial as a joint tortfeasor, if supported by discovery and the evidence, whose fault caused or contributed to the subject incident and/or the damages allegedly sustained by the Relator. Pursuant to *Nash v. Wells Fargo Guard Service, Inc.*, 678 So. 2d 1262 (Fla. 1996), Defendant may seek amendment to identify other such non-parties or persons as they become known and with due notice to Relator.

### Seventh Affirmative Defense

As its Seventh Affirmative Defense, Defendant states Relator has failed to state a cause of action for retaliation upon which relief may be granted in light of the fact that Defendant had legitimate non-retaliatory reasons for the actions taken with respect to Relator.

### Eighth Affirmative Defense

As its Eighth Affirmative Defense, Defendant states that Relator cannot establish a causal connection between the subject adverse employment action and Relator's alleged objections to the allegedly unlawful conduct of Defendant as she has not suffered any adverse employment action after allegedly engaging in her protected activity.

### Ninth Affirmative Defense

Relator knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger, and having a reasonable opportunity to avoid it, voluntarily or carelessly exposed herself to the danger.

### Tenth Affirmative Defense

Relator is barred from claiming or recovering any relief set forth in the Complaint and each and every cause of action alleged therein because Relator failed to exercise reasonable care and diligence to mitigate any alleged damages. Alternatively, Relator is not entitled to recovery for those damages which could have been avoided through the use of reasonable care.

## Eleventh Affirmative Defense

As its Eleventh Affirmative Defense, Defendant states that Relator has suffered no damages as a result of her termination or has failed to mitigate her damages as required by Florida law in relation to her alleged retaliation claim.

## Twelfth Affirmative Defense

**Defendant hereby reserves the right to raise additional Affirmative defenses, or to file any additional applicable pleadings as discovery may reveal necessary or appropriate pursuant to leave of court.**

## DEMAND FOR JURY TRIAL

Defendants hereby demands trial by jury as to all issues triable in this matter.

*(Certificate of Service on following page.)*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on September 13, 2021. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

*/s/ Stephanie Pidermann*
STEPHANIE PIDERMANN, ESQ.

## SERVICE LIST

**JONATHAN KRONER, ESQ.**
Jonathan Kroner Law Office
300 S. Biscayne Blvd., Suite 3710
Miami, Florida 33131
305.310.6046
jk@FloridaFalseClaim.com

Attorneys for *Qui Tam* Plaintiff Relator Rayme M. Edler, M.D

**PHILIP J. BOUDOUSQUE, ESQ.**
Philip J. Boudousque, PLC
3621 Ridge Lake Dr., Suite 207 A
Metaire, LA 70002
pjbaplc@gmail.com
*pro hac vice* to be applied