IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**United States of America**
*ex rel.* **Rayme M. Edler, M.D.**

**Plaintiffs,**
v.                                               Case 3:20-cv-05503-RV-HTC

**Escambia County**

                                                 FILED UNDER SEAL
**DEFENDANT.**                                   31 U.S.C. §3730(B)(2).
_____/

## SEALED EX PARTE MOTION
## TO FILE SECOND AMENDED COMPLAINT

Plaintiff Relator Dr. Edler seeks this Court's leave to file her Second Amended Complaint, Exhibit A hereto. Rule 15(a)(2) and Local Rule 15.1.

The False Claims Act requires that an amended complaint that adds new claims be filed under seal, and that it "shall remain under seal for at least 60 days, and shall not be served on the Defendant until the court so orders." 31 U.S.C. §3730(b)(2). *This amended complaint adds new claims, so must remain sealed. Id. See* below at pp 3-4. Local Rule 5.5. allows sealing without an Order when a statute requires sealing.

*Certification of NO Local Rule 7.1(B) Conference*

Local Rule 7.1(D) exempts from 7.1(B) a motion that properly may be submitted *ex parte*. Plaintiff relator has *not* conferred with Defendant because the



1

False Claims Act mandates the sealing of this document and Exhibit A and prohibits service on or any disclosure to Defendant. See discussion below.

*Procedural history, discovery, and investigation*

In August 2020, Dr. Edler filed a False Claims Act Complaint, alleging Escambia provided ambulance services that were not staffed by certified personnel as Medicare requires. Doc. 1. The Complaint also included a count for retaliation.

Following its investigation, the government declined the case, the Court lifted the seal, and Dr. Edler served the complaint. Docs. 6, 7, and 9.

Escambia moved to dismiss, doc. 20, and the Court, having found the allegations plausible and otherwise satisfactory, denied Escambia's motion, noting: "for all the reasons stated in plaintiff's comprehensive and compelling response in opposition, the defendant's arguments are unpersuasive and will be rejected." Doc. 26 at 2.

In December 2021 Dr. Edler amended her Complaint to add causes of action for interference with FMLA and FMLA retaliation. Doc. 38.

Investigation and discovery revealed extensive support for the Complaint's allegations. For example, FDLE's criminal investigation identified employees as lacking credentials necessary to provide ambulance services in Florida. Doc. 49-2, *ECPS Personnel Identified with Invalid Credentials.*

Since then, analysis and synthesis of Relator's documents, claims data, and discovery documents and data has also revealed tens of thousands of up-codes of nonemergency services to more lucrative emergency claims, and up-codes from basic life support to more lucrative advanced life support.

The essence of the amendments is that Escambia has been submitting claims for its nonemergency services at the higher paid and more lucrative emergency rate, and similarly claiming advanced life support services when it provided only basic life support. The proposed Second Amended Complaint alleges tens of thousands of such up-coded claims.

*Legal basis to Amend <u>under Seal</u>*

Section 3730(b)(2) of the False Claims Act imposes filing and service requirements on *qui tam* relators, mandating that they file under seal and serve only the government, but not the defendants. District courts generally require the mending false claim cases under seal when they add new claims. See *United States ex rel. Saldivar v. Fresenius Medical Care Holdings, Inc.*, 972 F. Supp. 2d 1317-1325 (N.D. Ga. 2013) (discussing different districts approaches to amending under seal).

However, the United States directed Relator to file under seal if the claims "differ substantively."

> If an amended complaint is filed that differs substantively from the original complaint, it should be filed under seal and should not be

3

served upon the defendant, pursuant to the False Claims Act's provisions on initiating actions, 31 U.S.C. § 3730(b)(2). Such an amended complaint would initiate a new sixty-day seal period as to the new matters raised in the amended complaint, subject to extensions, during which the United States would conduct an investigation and elect whether to intervene in and proceed with the action. Substantive amendments to an original complaint that would trigger a new sixty-day investigatory period include any new allegations of fraud or the addition of defendants not named in the complaint.

February 8, 2021 letter from Lawrence Keefe, United States Attorney.

On August 31, 2020, *qui tam* relator Dr. Edler provided a draft amended complaint and explanation of the amendment to the government and sought its guidance on whether the amended complaint added new substantive claims or "differs substantively" requiring investigation by it, such that it would want the case filed under seal. During a teleconference between undersigned counsel and Assistant United States Attorney Mary Ann Couch, Ms. Couch directed undersigned counsel to file the proposed amended complaint under seal.

## *Basis for Leave to Amend*

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant leave is discretionary. *Hargett v. Valley Federal Sav. Bank*, 60 F.3d 754, 760 (11th Cir. 1995). Denial of a request may arise from (1) the requesting party's "undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously

4

allowed;" (2) "undue prejudice to the opposing party;" or (3) the futility of an amendment. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

None of these reasons apply. As this Court has noted, "it is not enough that the non-moving party will suffer prejudice from the amendment; rather, the prejudice must be 'undue'." *McGriff v. Hall,* Docket No. 3:07cv85/RV/MD, 2009 U.S. Dist. LEXIS 137555, at *4 (N.D. Fla. Apr. 20, 2009) (denying leave to amend filed five weeks *after* discovery closed.)

This Court's scheduling Orders set no deadlines for leave to amend, docs 33 and 45, and discovery does not close until March 31, 2023. Doc. 45.

Additionally, and as a practical matter, judicial and litigant efficiency will be aided by granting permission to amend here. The allegations in the proposed Second Amended Complaint relate to conduct similar to that at issue in the Original and First Amended Complaints: inappropriate and false claims for reimbursement for EMS services provided by Escambia County. The parties are also the same: the United States as the real party/plaintiff in interest with the same Relator, Dr. Edler and the same defendant, Escambia County.

Denial of leave to amend would only result in the filing of a new action and unnecessary duplication of early case management tasks, and discovery. In order to

avoid the unnecessary duplication of trial effort, it is likely that any separately filed action would be consolidated with the present action anyway.

## *Conclusion*

This amendment is made in good faith, no facts exist to justify the use of the Court's discretion to deny leave to amend and many reasons to grant permission to amend. Plaintiff-Relator respectfully requests the Court grant leave to file the proposed Second Amended Complaint under seal.

Respectfully submitted.

| | |
|---|---|
| /s/ Jonathan Kroner<br>FBN 328677<br>Jonathan Kroner Law Office<br>6001 N Ocean Dr. Ste 806<br>Hollywood, FL 33019-4617<br>305.310.6046<br>jk@FloridaFalseClaim.com | Law Offices of Darth M. Newman LLC<br>Darth M. Newman<br>1140 Thorn Run Rd., #601<br>Coraopolis, PA 15108<br>412.436.3443<br>darth@dnewmanlaw.com<br>(admitted pro hac vice) |

Attorneys for *Qui Tam* Plaintiff Relator Rayme M. Edler, M.D

**Certificate of Service on the U.S., and NOT on Defendant**
Pursuant to Local Rules 5.4(A)(2) and 5.5 governing sealed documents, I filed hard copy paper with the Clerk of the Court.
I served the United States. I did not serve Defendant or its counsel of record.
/s/ Jonathan Kroner

