IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**United States of America**
*ex rel*. **Rayme M. Edler, M.D.**

**Plaintiffs,**
v.  Case 3:20-cv-05503-RV-HTC

**Escambia County**

**Defendant**.
_____/

# DR. EDLER'S OPPOSITION TO ESCAMBIA'S MOTION FOR RECONSIDERATION

Plaintiff Relator Dr. Edler opposes Escambia's Motion for Reconsideration of this Court's Order [Granting Leave to File Second Amended Complaint ex Parte and Under Seal]. Docs. 78 (Motion) and 62 (Order).

**I.  Amendment deadline error was of no consequence.**

Escambia makes much of Edler's statement wherein she represented "This Court's scheduling Orders set no deadlines for leave to amend, docs. 33 and 45 …." *Id* at 5. Escambia is correct that the superseded September 17, 2021, Order, doc. 33, incorporates the amendment deadline proposed in the parties' Sept 2021 Joint Scheduling Report, doc 30. Counsel's error was in referencing the superseded doc 33 Order, rather than only the then-in-effect April 4, 2022 Order, doc. 45. The April 2022 updated scheduling Order does not incorporate prior deadlines or any material

1

from the Parties' Joint Report. Doc. 45. Although Escambia argues the Joint Report's deadline binds the parties, Escambia overlooks the Joint Report's other deadlines that it (and Dr. Edler and the Court) have treated as no longer in effect. For example, mediation (October 30, 2022), Joint Pretrial Statement (January 27, 2023), "all other motions including motions *in limine*" (February 3, 2023), and trial briefs (February 10, 2023). Doc. 30 at 2.

In any event, Dr. Edler and counsel apologize to the Court for the inadvertent representation with respect to the September 2021 Order and any confusion about the content of the April 2022 Order.[1] Rule 15(a)(2) directs courts to freely give leave to amend when justice so requires. "Of course, the grant or denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). To the extend the deadline for amending the Complaint and adding parties survived the Court's Order amending the schedule, good cause existed for the Court to grant leave to file the Second Amended Complaint after the deadline.

II. **Lack of Meet and Confer.**

Defendant did not engage in any meet and confer before filing the present motion. LR1.7(B). The Court may – and should – strike the motion for this reason

---

[1] In October 2022, the parties again jointly moved to amend the scheduling order, doc. 64, which the Court granted, Docs. 67 and 68.

alone. As set out below, Escambia's motion only delays the efficient resolution of Edler's claims. After the motion was filed, undersigned counsel raised the futility of the motion with Escambia's counsel to no avail. If Escambia believes it has grounds to dismiss the new allegations raised in the Second Amended Complaint, it should file a motion to dismiss, not waste Court and litigant resources converting the motion to dismiss into a many-step multi-month process.[2]

**III.   There are no grounds for reconsideration.**

Motions for reconsideration are granted only when: (1) there is an intervening change in controlling law; (2) new evidence is available; or (3) there is a need to correct clear error or prevent manifest injustice.[3] Escambia does not point to a change in the law or new evidence. Escambia only argues the Court should reconsider its decision to allow filing the motion under seal in order "correct clear error or prevent manifest injustice." Escambia failed to show that the Court erred or caused an injustice.

---

[2] At Escambia's choosing, it now must win the present motion, then defeat the motion to amend, wait for Edler to re-file a new case under seal, and wait for the government to again decline all before filing a motion to dismiss it already could have filed.

[3] *Mastaw v. West Florida Medical Center Clinic*, No. 3:20cv5888/RV/EMT, 2021 U.S. Dist. LEXIS 213986, at *3 (N.D. Fla. Oct. 8, 2021). *See also Restore Robotics, LLC v. Intuitive Surgical, Inc.*, No. 5:19cv55-TKW-MJF, 2022 U.S. Dist. LEXIS 130800, at *3-4 (N.D. Fla. May 31, 2022) (reconsideration appropriate if intervening change in law, new evidence, or "the court made a clear error of law").

### A. There was no "clear error," or any error at all.

There was no legal error. As Dr. Edler noted in her Motion, and in this memorandum, the law is unclear whether an amendment to an unsealed False Claims Act case must be filed under seal or not.

For lack of other guidance, both parties cited the analysis in *United States ex rel. Saldivar v. Fresenius Medical Care Holdings, Inc.*, 972 F. Supp. 2d 1317 at 1324-1325 (N.D. Ga. 2013). However, the issue there was whether a third amended complaint had to be dismissed *because it was not filed under seal.*[4] *Id.* The Court determined dismissal was *not* required. Here, Escambia is arguing the opposite, that because the Second Amended Complaint *was* filed under seal it must be dismissed. Not so.

Although there is no binding authority in this circuit, other courts have held that substantially new claims must be filed under seal. *United States ex rel. Davis v. Prince*, 766 F. Supp. 2d 679, 684 (E.D. Va. 2011) (holding "the term 'complaint' in [31 U.S.C.] § 3730(b)(2) encompasses amended complaints."). The *Prince* court reasoned "[t]o argue that the omission of the word 'amended' in § 3730(b)(2) means that the provision excludes amended complaints is no more persuasive than an

---

[4] In 2016, the Supreme Court held a failure to follow the sealing rule did not *require* dismissal because the provision is procedural rather than jurisdictional. *State Farm Fire & Casualty Co. v. United States ex rel. Rigsby*, 580 U.S. 26, 33 (2016).

4

argument that omission of the word 'original' excludes original complaints." *Id.* at 684 n.11. The new allegations in the Second Amended Complaint relate to a massive and pervasive upcoding scheme. That scheme is substantially different from the prior existing claims which are related to EMS staff treating (and billing for treating) patients without appropriate training and certification, and retaliating against Dr. Edler for raising the alarm.

Although the Supreme Court has not considered whether the FCA's requirement to seal complaints includes amendments, it has emphasized the importance of the seal generally. *State Farm Fire & Casualty Co. v. United States ex rel. Rigsby*, 580 U.S. 26, 37 (2016) (setting out bevy of punishments that may be imposed short of dismissal).[5]

As Dr. Edler explained, the United States directed her to file under seal. Doc. 58 at 7-8. Although this Court is not bound by directions from the United States Attorney's office, where there is a lack of guidance, courts often look to Department of Justice interpretations. This was the Supreme Court's approach in *Rigsby* when it gave weight to the United States' interests.

> Because the seal requirement was intended in main to protect the
> Government's interests, it would make little sense to adopt a rigid

---

[5] In 2016, the Supreme Court held a failure to follow the sealing rule did not require dismissal because the provision is procedural rather than jurisdictional. *ex rel. Rigsby*, 580 U.S. at 33. There is no support for the inverse holding, that sealing an amended complaint does require dismissal.

5

interpretation of the seal provision that prejudices the Government by depriving it of needed assistance from private parties.

*Rigsby*, 580 U.S. at 34-35.

Interpreting 31 U.S.C. § 3730(b)(2)'s "complaint" to include both original and amended complaints is just such an interpretation.[6] This is also the result reached by the court in *ex rel. Davis v. Prince*, 766 F. Supp. 2d at 684.

Escambia has presented *no authority* for the proposition that substantially new False Claims Act allegations *must* be raised on the public docket. It appears the closest Escambia comes to presenting authority supporting its radical position is a 1994 decision out of Louisiana which specifically noted that the "new" allegations were a mere expansion of "other false and/or fraudulent claims" and *not* substantially new and therefore were not *required* to be sealed. *U.S. ex rel. Walle v. Martin Marietta Corp.*, No. CIV. A. 92-3677, 1994 WL 518307, at *1 (E.D. La. Sept. 21, 1994). In other words, the opposite factual scenario faced by this Court. If anything, *Walle supports* this Court's decision permitting Dr. Edler to file her Second Amended Complaint under seal.

---

[6] This Court's unsealing orders have acknowledged the United States' involvement in and control over this case. Docs. 7 and 74. *See Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1311 (11th Cir. 2021) (holding "The United States remains the real party in interest and retains significant control over the case").

Decisions refusing to dismiss complaints that were not filed under seal offer no support for Escambia's contrary argument that filing under seal requires dismissal. And, absent *any* such authority, much less binding authority, there can be no clear error here.[7] As discussed below, it is entirely within the Court's discretion to seal pleadings.[8] There was no error here.

**B.  There was no manifest injustice arising from the Court's exercising its discretion to allow the motion (or the amendment).**

Escambia identifies no manifest injustice because there is none. As this Court has noted, "it is not enough that the non-moving party will suffer prejudice from the amendment; rather, the prejudice must be 'undue'." *McGriff v. Hall,* No. 3:07cv85/RV/MD, 2009 U.S. Dist. LEXIS 137555, at *4 (N.D. Fla. Apr. 20, 2009) (denying leave to amend filed five weeks after discovery closed). Although Escambia's motion repeats the word "injustice" several times, not once does it

---

[7] Crediting Escambia's argument would place Relators in a nasty catch 22: file amended complaints on the public docket and face motions for sanctions for failure to file under seal including potentially from the United States, or seek the Court's permission to file under seal and then face motion practice for attempting to "do the right thing" and abide by the statutory obligation to present new claims under seal. *See e.g., Prince*, 766 F. Supp. 2d at 684 (holding FCA requires substantially different allegations of fraud to be filed under seal).

[8] Other cases cited by Escambia similarly failed to address the issue of amending under seal for a case that has already been brought out from under seal. See doc. 78 at 14 *citing Klusmeier v. Bell Constructors, Inc.*, 469 F. App'x 718 (11th Cir. 2012) (appealing dismissal, no discission of filing under seal); *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1355 (11th Cir. 2006) (appealing dismissal, no discussion of filing under seal).

describe any harm that has or will befall it as a result of the Court's challenged Order. Indeed, it cannot.

## IV. Reconsideration is Futile.

Granting reconsideration is futile because the Court reached the right decision with regard to the original motion to amend and to maintain the motion and Second Amended Complaint under seal until the government filed its notice of declination. In addition, and as explained below, granting reconsideration here is futile because the most Escambia can achieve is further delay of this, or a companion, action.

### A. Denying leave to amend would create delay and add costs.

Although Escambia asserts its motion deals only with the right to file the motion under seal, Dr. Edler anticipates it will move to object to the amendment – indeed, there is no other purpose to the motion. Assuming arguendo that Escambia persuades the Court to deny leave to amend (although it should not) it will be a pyrrhic victory. Relator will file a new case (under seal), with a Form JS-44 civil cover identifying this case as a "related case."

Because the SAC's new allegations involve common questions of law and fact, identical parties, and many of the same witnesses, the likely result is consolidation—and delay. Rule 42, Fed. R. Civ. P.

By exercising its authority to allow the amendment, rather than forcing the filing of a new case, the Court reduces the risk of inconsistent adjudications of

common factual and legal issues, conserves judicial resources, and permits the efficient resolution of this matter. *Id.*

B.      **The Court has discretion to seal the motion.**

The statute is silent as to the manner in which the seal is to be maintained where, as here, the Government decides not to pursue the action. 31 U.S.C. § 3730(b)(4). In interpreting this textual silence, courts have held that the FCA, by permitting in camera submissions, invests the court with the authority to maintain the seal on the complaint and other case filings, in their entirety. *See United States ex rel. Health Outcome Technologies v. Hallmark Health Sys., Inc.*, 349 F. Supp. 2d 170, 173 (D. Mass. 2004).[9]

In considering motions to unseal or retain the seal on FCA case filings, courts have analogized to discovery documents considered under Rule 26(c) of the Federal Rules of Civil procedure, which provides for entry of a protective order to protect certain confidential information. *See, e.g., Yannacopolous*, 457 F. Supp. 2d at 858;

---

[9] *Accord, United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006); *United States v. CACI Int'l Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191 (E.D. Mo. 1995).

*United States ex rel. Erickson v. University of Wash. Physicians,* 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004); *O'Keef*e, 902 F. Supp. at 191.[10]

Here the Court properly exercised its discretion.

V. **Motion for leave to amend was correctly filed under seal.**

Although Escambia's argument suggests it opposes the Court's granting leave to amend, it seeks to limit the issue under this motion.

> **The issue presented by Defendant through this Motion for Reconsideration is whether the separately docketed motion for leave to amend, as required by Northern District Local Rule 15.1, should itself also be filed under seal.**

Doc. 78 at 13. All bold emphasis original.

Escambia even tacitly concedes the appropriateness of sealing the amended complaint when it distinguishes sealing the motion from sealing the complaint: "Plaintiff cites no legal authority of any kind to support the argument that the *motion* itself must, or can be filed under seal." *Id*. at 9 (emphasis original). But there is nothing that could have been disclosed in the motion, more than what the docket sheet already showed--that something had been filed under seal. Anything more would have revealed the existence of a Second Amended Complaint and thereby destroyed the seal as to that document.

---

[10] This Court's discretion is well established. In *Nixon v. Warner Communications*, 435 U.S. 589, 598-99 (1978), the Supreme Court concluded "decisions as to [court record] access is best left to the sound discretion of the trial court."

# CONCLUSION

Escambia failed to articulate grounds for reconsideration because there was no clear error or manifest injustice. Even if the Court were to reconsider it should reach the same result because the Court correctly exercised its discretion to grant leave to file under seal and correctly granted leave to amend. Finally, while seeking to create an appearance that it is concerned with a deadline, the reality is that granting Escambia's motion would only serve to delay this case.

Accordingly, Dr. Edler respectfully requests that the Court deny Escambia's motion for reconsideration.

| | |
|---|---|
| */s/ Jonathan Kroner* | Law Offices of Darth M. Newman LLC |
| FBN 328677 | Darth M. Newman |
| Jonathan Kroner Law Office | 1140 Thorn Run Rd., #601 |
| 6001 N Ocean Dr. Ste 806 | Coraopolis, PA 15108 |
| Hollywood, FL 33019-4617 | 412.436.3443 |
| 305.310.6046 | darth@dnewmanlaw.com |
| jk@FloridaFalseClaim.com | (admitted pro hac vice) |

Attorneys for *Qui Tam* Plaintiff Relator Rayme M. Edler, M.D

**LR 7.1 (F) Certificate of Word Count**
I certify the LR 7.1(F) word count is 2490 words. I relied on MS Word's count for this certification.
/*s/ Jonathan Kroner*

**Certificate of Service**
I certify I electronically filed the foregoing document with the Clerk of Court using CM/ECF on the date stamped above to be served on all counsel of record.
/*s/ Jonathan Kroner*